NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 17 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NADER & SONS, LLC; SISKO ENTERPRISES, LLC, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> HOMAYOUN NAMVAR, AKA Tony Namvar, an individual and as Trustee of the Tony and Kathy Namvar Trust a/k/a the Tony and Kathy Family Trust; KATAYOUN NAMVAR, AKA Kathy Namvar; PENTACO MANAGEMENT, INC., a California corporation; EQUIMAX MORTGAGE & LOAN, a California corporation; MOUSA NAMVAR, an individual; MASTER'S HOLDINGS, LLC, a Delaware limited liability company; FRIENDSHIP, LLC, a California limited liability company; RAMIN NAMVAR, an individual; LINE APPAREL, LLC, a Delaware limited liability company; PACESETTER FABRICS, LLC, a California limited liability company; TITANIUM FABRICS, LLC, a Delaware limited liability company; LIGHT SOURCE MANAGEMENT, LLC, a Delaware limited liability company; ARNY EQUITY PARTNERS, LLC, a Delaware limited liability company; HINO 8, LLC, AKA | No.   23-55167 <br><br> D.C. No. 2:20-cv-03141-SVW-JEM <br><br> MEMORANDUM[*] |

_____

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Hino-8, LLC; YARN EQUITY PARTNERS, LLC, a Delaware limited liability company; EILEL NAMVAR, an individual; ROBERT B. MOBASSERI, trustee of the Rahm Irrevocable Trust, f/k/a the 2009 Tony and Kathy Childrens Irrevocable Trust; HOOSHANG NAMVAR, AKA Sean Namvar, an individual; 14 OAKS ASSOCIATES, LLC, a California limited liability company; GREEN TREE INVESTMENT PARTNERS, LLC, a Delaware limited liability company; WHITE WATER FUNDING, LLC, a Delaware limited liability company; EASTBORNE INVESTMENT, LLC, a Delaware limited liability company; TRIFISH, LLC, a California limited liability company; WOODMAN PARTNERS, LLC, a California limited liability company; GUILBERT TEX, INC., a California corporation; FOUNTAIN EQUITY ADVISORS, LLC, a Delaware limited liability company,

Defendants-Appellees.

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted May 8, 2024
Pasadena, California

Before: TALLMAN, FORREST, and BUMATAY, Circuit Judges.

Nader & Sons, LLC and Sisko Enterprises, LLC (collectively, "Appellants")

are judgment creditors of Tony Namvar. Appellants' original New York judgment,

2

entered on October 21, 2009, stems from a $12.5 million loan Appellants issued to Namco Capital Group, Inc. ("Namco Loan")—a now-bankrupt company wholly owned by Tony Namvar's older brother, Ezri Namvar—that Tony personally guaranteed. Having failed in their efforts to enforce their long-outstanding judgment, and after domesticating it in California, Appellants filed this action in Los Angeles County Superior Court in January 2020, against Tony Namvar, numerous relatives of Tony Namvar, several business entities operated by the various Namvar co-defendants, and one non-Namvar-related entity, Guilbert Tex, Inc. (collectively, "Appellees").[1] The Appellants' complaint alleged two causes of action under California's Uniform Voidable Transactions Act ("UVTA"), Cal. Civ. Code §§ 3439.01–.14, one for actual fraud and one for constructive fraud. Appellants' third cause of action alleged "Civil Conspiracy to Fraudulently Conceal Assets."

In July 2021, after removal to federal court on diversity grounds, the district court granted in part and denied in part Appellees' first round of summary judgment motions, finding that the statute of limitations barred Appellants' UVTA claims with respect to any transfers that occurred prior to January 29, 2016, four years before the date on which they filed their initial complaint in state court. On January 31, 2023,

---

[1] Given the number of Namvars who are parties to this case, the remainder of this memorandum refers to each Namvar family member by their first name. Two answering briefs were filed in this appeal, one by Sean and his affiliate companies (collectively, "Sean Namvar Appellees") and one by Mousa and his affiliate companies.

after further discovery and renewed summary judgment motions, the district court granted summary judgment in favor of all Appellees and denied Appellants' motion for leave to file a third amended complaint. Appellants challenge both of the district court's summary judgment determinations, as well as its denial of their motion for leave to amend their complaint. As the parties are familiar with the facts underlying their substantive claims, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The Sean Namvar Appellees—prevailing parties before the district court—have moved to dismiss Appellants' appeal but did not file a cross-appeal. They argue the judgment against Tony has been fully satisfied, thus depriving Appellants of an actual injury and standing to pursue their claims. Ordinarily, when a prevailing party raises an argument that would in some way modify the underlying judgment, or enlarge their rights, it must cross-appeal. *See Ball v. Rodgers*, 492 F.3d 1094, 1118 (9th Cir. 2007). However, this rule does not apply to federal jurisdictional questions like standing. *Victory Processing, LLC v. Fox*, 937 F.3d 1218, 1225 n.5 (9th Cir. 2019); *see Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1085 (9th Cir. 2003) ("[A] challenge to constitutional standing is one 'which we are required to consider, even though raised for the first time on appeal.'" (quoting *Newdow v. U.S. Cong.*, 313 F.3d 500, 503 (9th Cir. 2002))).

4

Considering the record before the district court, the Appellants at least demonstrated a genuine dispute of material fact as to the essential elements of standing. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); *Cent. Delta Water Agency v. United States*, 306 F.3d 938, 947 (9th Cir. 2002) ("[A]t the summary judgment stage the plaintiffs need not establish that they in fact have standing, but only that there is a genuine question of material fact as to the standing elements."). Numerous state judges in California and New York previously found that Tony is not entitled to any credit for Appellants' recovery of funds under certain notes and guarantees connected to the original Namco Loan. But even if Tony were entitled to a credit or offset, genuine issues of material fact remain as to whether those recoveries serve to extinguish the balance of Appellants' judgment against Tony, which began accruing interest nearly fifteen years ago. It is undisputed that Appellants have renewed judgments against Tony in New York and California for $10,915,258.88 and $9,107,433.50, respectively. In 2022, the California Court of Appeal observed that Appellants' original judgment against Tony, with interest, "exceed[ed] $14 million."

Accordingly, the record establishes that Appellants had standing to pursue their claims at the summary judgment stage, and similarly have standing to pursue this appeal. The Sean Namvar Appellees' motion to dismiss for lack of standing is therefore DENIED.

5

2. Appellants' UVTA claims, for actual and constructive fraud, fail as a matter of law. Under both of Appellants' UVTA theories, a plaintiff must show a "transfer made or obligation incurred *by a debtor*." Cal. Civ. Code §§ 3439.04(a)(1)–(2), .05(a) (emphasis added). Those transfers are then "voidable as to a creditor." *Id.* § 3439.04(a). However, the lion's share of the transfers Appellants identify do not involve transfers from Tony, the debtor, but instead involve monies that the various co-defendants sent to one another or sent to Tony for his benefit. Such transfers fall outside the UVTA. Instead of focusing on the few transfers that Tony himself made and seeking to establish that those transfers were fraudulent, Appellants argue that they were never required to prove that any fraudulent transfers were made by Tony directly.

While circumstantial evidence can help a plaintiff establish fraudulent *intent* under § 3439.04(a)(1), it does not help the Appellants establish the existence of a transfer or obligation that is independently necessary. *See* Judicial Council of California Civil Jury Instructions 4200–03 (demonstrating that the existence of a transfer or obligation and the existence of fraudulent intent are separate elements of a UVTA claim); *see also* Cal. Civ. Code § 3439.04(b) (providing the statutory basis for using the so-called "badges of fraud" to prove "actual intent" but not the existence of a voidable transaction). The case law Appellants cite further demonstrates this distinction. *See, e.g.*, *Johnson v. Drew*, 218 Cal. App. 2d 614,

616, 621 (1963) (identifying a specific transfer of real property from a judgment debtor to his mother and holding summary judgment was inappropriate only because "there [was] a real issue of fact . . . whether the conveyance . . . was fraudulent"). Appellants failed to provide any evidence to answer the "narrow[] and more foundational question" of whether "a 'transfer' under the UVTA occur[red] in the first place." *Nagel v. Westen*, 59 Cal. App. 5th 740, 748 (2021), *as modified on denial of reh'g* (Feb. 1, 2021).

Appellants' theory that they provided evidence of an "obligation incurred by a debtor" misapprehends the UVTA's requirements. *See* Cal. Civ. Code § 3439.04(a). A fraudulent obligation incurred—actionable under the UVTA—is one where a debtor conveys title to an asset and, in exchange, incurs an obligation in the form of a mortgage, loan, or other instrument that turns out to be fraudulent. *See, e.g.*, *PGA W. Residential Ass'n, Inc. v. Hulven Int'l, Inc.*, 14 Cal. App. 5th 156, 171–74 (2017) (finding a debtor "never incurred a real obligation" when he transferred title to property that he owned to a sham transferee in exchange for a note on which he never had to pay), *as modified* (Aug. 23, 2017). Appellants' claim that Tony incurred fraudulent obligations when he performed work for his brother Sean's company but never received direct compensation does not create any fraudulent obligation and is not voidable under the UVTA.

Given Appellants' evidentiary failure at the district court to pinpoint

7

fraudulent transfers from Tony or fraudulent obligations that he incurred within the statute of limitations, the district court's summary judgment order in favor of all Appellees is AFFIRMED as to Appellants' UVTA claims.

3. Appellants' claim for "Civil Conspiracy to Fraudulently Conceal Assets" has no independent legal significance absent a meritorious underlying tort or civil wrong. Conspiracy does not stand alone as an independent tort but instead must be "activated by the commission of an actual civil wrong." *Monastra v. Konica Bus. Machs., U.S.A.*, 43 Cal. App. 4th 1628, 1645 (1996); *see also Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 869 P.2d 454, 457 (Cal. 1994) ("[I]t is the acts done and not the conspiracy to do them which should be regarded as the essence of the civil action."). While conspiracy can supplement a successful UVTA claim by extending liability to conspirators who effect fraudulent transfers, it dissipates when, as here, the underlying UVTA claims fail as a matter of law.

Appellants' reliance on *Taylor v. S & M Lamp Co.*, 190 Cal. App. 2d 700 (1961), to argue that California recognizes an independent tort for conspiracy to conceal assets is misplaced as that case was decided on a motion to dismiss challenging a pro se complaint, where the legal standard is less exacting.

Because we find that Appellants' conspiracy claim falls with their UVTA claims, we also reject their argument that the "single enterprise theory"—a species of alter-ego liability—is itself evidence of a conspiracy to conceal Tony's assets.

8

The single enterprise theory exists to hold "one corporation liable for the debts of another affiliated corporation" when the "latter is so organized and controlled, and its affairs are so conducted, as to make it merely an instrumentality, agency, conduit, or adjunct of another corporation." *Toho-Towa Co. v. Morgan Creek Prods.*, 217 Cal. App. 4th 1096, 1107 (cleaned up) (quoting *Las Palmas Assocs. v. Las Palmas Ctr. Assocs.*, 235 Cal. App. 3d 1220, 1249 (1991)). The theory does not provide the essential evidentiary link Appellants lack in this case: actual transfers from Tony to the various Appellees. *See 21st Century Fin. Servs., LLC v. Manchester Fin. Bank*, 255 F. Supp. 3d 1012, 1026 (S.D. Cal. 2017) (declining to use single enterprise to "fill the evidentiary gap" in a plaintiff's case).

Single enterprise theory depends on some underlying tort or judgment for which an alter ego can be held jointly accountable. Had the Appellants provided sufficient evidence to support their UVTA claims to survive summary judgment, it is possible that the single enterprise theory would have been applicable in order to collect on an ultimate judgment. However, without an underlying tort, the doctrine is inapplicable to their case. Accordingly, the district court's summary judgment order in favor of all Appellees is AFFIRMED as to Appellants' conspiracy claim.[2]

4. The district court did not err in denying Appellants' motion for leave to

---

[2] Because we have determined that California law governing single enterprise theory does nothing to bolster Appellants' case, their Motion to Certify a Question to the California Supreme Court and for Stay of Appeal, ECF No. 7, is DENIED.

file a third amended complaint on the grounds that their proposed amendments would be futile. Amendment futility "can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). The single enterprise theory fails not because it was insufficiently alleged or invoked, but because this theory cannot substitute for the missing evidence to support Appellants' UVTA or conspiracy claims. Moreover, as the district court observed, Appellants "freely admit that the [proposed] new parties . . . did not directly conduct business activities with Tony Namvar o[r] his company, Pentaco." Adding additional defendants who were even more attenuated from the debtor in this case could not have bolstered Appellants' UVTA claims. The district court's denial of Appellants' motion for leave to file a third amended complaint is AFFIRMED.

5. The UVTA's four-year statute of limitations, Cal. Civ. Code § 3439.09(a)–(b), applies to all transactions alleged in this case, and Appellants failed to establish an entitlement to the delayed discovery provision included in § 3439.09(a). For transactions that occurred more than four years before a UVTA action was brought, the UVTA's delayed discovery provision provides plaintiffs with a one-year period during which they can bring an action, starting on the date "the plaintiff has reason to discover the fraudulent nature of [a] transfer." *In re Ezra*, 537 B.R. 924, 933 (B.A.P. 9th Cir. 2015). However, "[s]o long as a suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her." *Jolly v. Eli*

10

*Lilly & Co.*, 751 P.2d 923, 928 (Cal. 1988).

The record does not support the Appellants' position that the earliest date they could have discovered the facts giving rise to their case was "at Tony's judgment debtor exam on January 30, 2019." Appellants' discovery efforts in the district court demonstrate that it may have been difficult for them to gain access to information and documents that allowed them to substantiate their claims. It is unclear, however, how the difficulty Appellants experienced in gaining information *after* filing this suit explains why they could not have accessed the underlying information giving rise to their first complaint sooner. The Appellants' contempt application in state court, combined with their request to examine Sean Namvar and his company, Equimax, in December 2018, support the district court's conclusion that they "surely could with reasonable diligence have discovered the transfers at issue in this case and their fraudulent nature" by December 11, 2018, at the very latest. Accordingly, the district court's order granting summary judgment for all Appellees as to any transactions that occurred prior to January 29, 2016, is AFFIRMED.

In summary, the Sean Namvar Appellees' motion to dismiss for lack of standing, ECF No. 24, ECF No. 36 at 11–29, is **DENIED**. The district court's July 22, 2021, partial summary judgment order is **AFFIRMED**. The district court's January 31, 2023, summary judgment order and order denying Appellants' motion for leave to file a third amended complaint is **AFFIRMED**. Appellants' Motion to

Certify a Question to the California Supreme Court and for Stay of Appeal, ECF No.

7, is **DENIED**.